REGINALD F. WHATLEY AND CINDY WHATLEY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Whatley v. Commissioner
Docket No. 7381-91
United States Tax Court
T.C. Memo 1992-567; 1992 Tax Ct. Memo LEXIS 592; 64 T.C.M. (CCH) 887; T.C.M. (RIA) 92567; September 24, 1992, Filed Decision will be entered under Rule 155. Reginald F. Whatley, pro se. Ramon Estrada, for respondent. FAY, Judge. FAY
MEMORANDUM OPINION Respondent determined the following deficiencies in and additions to petitioners' Federal income tax as follows: Additions to Tax
Sec.
Sec.
Sec.
Year
Deficiency
6653(a)(1)(A)
6653(a)(1)(B)
6661(a)
1986
$ 26,526.24
$ 1,326.30  [1] $ 6,631.50
1987
$  5,871.00
293.55  [1] 1,467.75
All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated. The issues before us are: (1) Whether petitioners failed to report income in the amount of $ 9,347 derived from petitioners' dealings with CrowBro. Enterprises during 1986. We hold that they did; and (2) whether petitioners are entitled to deduct various claimed expenses in the amount *593 of $ 60,731 for 1986 in connection with CrowBro. Enterprises. We hold that they are entitled to a partial deduction; and (3) whether petitioners are entitled to deduct various claimed expenses in the amount of $ 14,206 in connection with Olik Systems for 1987. We hold that they are not; and (4) whether petitioners are entitled to a deduction for taxes in the amount of $ 1,277 for 1986. We hold that they are not; and (5) whether petitioners are liable for the additions to tax for negligence under section 6653(a)(1)(A) and (B) for the years at issue. We hold that they are; and (6) whether petitioners are liable for the additions to tax for substantial understatement of income tax pursuant to section 6661. We hold that they are. The stipulation of facts and attached exhibits filed by the parties are incorporated herein by this reference. Background
At the time the petition was filed, petitioners resided in Oceanside, California. During 1986, Reginald F. Whatley (petitioner) sold office supplies and computer products as an independent sales representative for General Business Supply (G.B.S.) in Los Angeles, California. Petitioner's relationship with G.B.S. was governed by *594 a contract that provided that G.B.S. would pay for all costs of goods sold by petitioner. [1] Pursuant to the contract, G.B.S. would pay petitioner a specified commission on the net amount of all contracts accepted by G.B.S. Petitioner conducted his office supply business during 1986 under the name of CrowBro. Enterprises (CrowBro.). On the 1986 Federal income tax return, Schedule C, petitioner reported gross receipts from sales of $ 88,530 and an offset for cost of goods sold in the amount of $ 21,562. Petitioner also claimed various deductions on Schedule C in connection with CrowBro. which amounted to $ 50,123 for 1986. Respondent disallowed the following items claimed *595 by petitioner on Schedule C for 1986: Cost of goods sold
$ 21,562
Bad debts
231
Car and truck expenses
4,132
Commissions expense
3,225
Dues and publications
1,574
Insurance expense
2,813
Laundry and cleaning
281
Legal and professional services
436
Rent on business property
4,900
Taxes
2,452
Travel and entertainment
9,983
Telephone and utilities
1,178
Leads paid
6,494
Parking expense
1,470
60,731
Respondent also determined that petitioner had underreported gross receipts from G.B.S. during 1986 in the amount of $ 9,347. On the 1986 Federal income tax return, Schedule A (as opposed to Schedule C), petitioner claimed a deduction for taxes in the amount of $ 2,189. Respondent allowed a deduction for taxes in the amount of $ 2,189. Respondent allowed a deduction for taxes to the extent of $ 912 and disallowed the balance of $ 1,277. During the course of petitioner's dealings with G.B.S. in 1986, petitioner testified that he became aware of unethical business practices being carried out by G.B.S. These unethical business practices included shipping incorrect and damaged merchandise, double billing, and inflating handling costs. Because of these alleged unethical *596 practices, petitioner decided not to continue his work with G.B.S. In order to break away from G.B.S., petitioner began a new office supply business at the beginning of 1987 that operated under the name of Olik Systems (Olik). Petitioner testified that when G.B.S. learned of petitioner's new business, G.B.S., through its agents, began a campaign of terror against him. Petitioner testified that he was threatened with numerous acts of violence by agents of G.B.S., to whom petitioner referred throughout the trial as the "Hungarian Mafia". [2]
Petitioner further testified that after receiving a particularly *597 serious death threat from G.B.S. in April 1987, petitioner "went home, packed out goods and got out", leaving behind many of the records necessary to substantiate the expenses claimed during 1986 and for the first 3-1/2 months of 1987. Once petitioner reached Oceanside, California, he resumed his office supply business operating as Olik. On his 1987 Federal income tax return, Schedule C, petitioner reported gross receipts from sales of $ 85,186 and an offset for cost of goods sold in the amount of $ 34,248. Petitioner also claimed various deductions in connection with Olik for 1987 in the amount of $ 33,128. With respect to petitioner's 1987 Federal income tax return, Schedule C, respondent disallowed the following items: Cost of goods sold
$ 1,214
Car and truck expenses
194
Laundry and cleaning
256
Rent of business property
2,238
Taxes
1,411
Travel and entertainment
2,893
Depreciation
1,945
Wages
2,860
Advertising
815
Commissions expense
380
$ 14,206
Discussion
Almost in its entirety, resolution of this case turns on petitioner's ability to substantiate deductions claimed by petitioner in connection with his office supply business for the years at issue. *598 We begin by noting that deductions are strictly a matter of legislative grace, and that petitioner bears the burden of establishing that he is entitled to the deductions claimed on the return. Rule 142(a); . Furthermore, section 6001 and the regulations promulgated thereunder require the taxpayer to maintain adequate records in substantiation of claimed deductions. However, even in the absence of adequate substantiation, we generally may, if convinced by the evidence, estimate the amount of deductible expenses incurred. . Such an estimate must, however, have some reasonable evidentiary basis. . With respect to certain enumerated expenses, however, strict recordkeeping is required, and this Court is precluded from applying the doctrine in Cohan. Sec. 274(d). At trial, petitioner presented minimal relevant documentary evidence and his testimony was self-serving, scrambled, and generally not credible. We therefore attach little *599 weight to petitioner's testimony. In addition, we find petitioner's explanation for the gross lack of adequate records in this matter not convincing. Petitioner asserts that many of the original records and receipts that supported the items claimed on his 1986 and a portion of his 1987 Federal income tax returns were lost when he was forced to flee his apartment overnight in April 1987. We simply are not persuaded by this explanation. In light of the above principles of law and our finding of fact relating to the weight we will accord to petitioner's testimony, we proceed to address each of the adjustments made by respondent in the statutory notice. Unreported Income - 1986
Based on a bank deposit analysis, respondent determined that petitioner did not report $ 9,347 from CrowBro. on his 1986 Federal income tax return. [3] Petitioner bears the burden of proving that respondent's determination of unreported income, computed using the bank deposit method, is incorrect. . *600 Petitioner, on brief, simply argues that respondent's calculations contain a mathematical error in the computation of unreported income. We have reviewed the applicable exhibits and find no such error. We find petitioner did not submit any evidence that would rebut the bank deposit analysis prepared by respondent. Thus, we uphold respondent's determination regarding the unreported income for 1986. Schedule C Items - 1986
Cost of Goods Sold
Petitioner argues that he was forced by G.B.S. to purchase gifts and special merchandise for clients in order to induce sales. Petitioner, however, produced no actual canceled checks or receipts for the alleged gifts or special merchandise. Instead, petitioner produced hundreds of sale order forms filled out by petitioner at the time petitioner took orders from his clients. These order forms relate to income generated by petitioner's office supply business. The order forms, however, do not substantiate any cost that petitioner may have incurred in the purchase of office supplies, gifts, or special merchandise. Under these circumstances, we uphold respondent's determination with respect to cost of goods sold for 1986. Bad *601 Debt Deduction
With respect to the disallowed bad debt deduction in the amount of $ 231 for the taxable year 1986, petitioner stated he loaned money to a relative, but he presented no other documentary or testimonial evidence that would establish a valid debtor-creditor relationship or the worthlessness of the debt. See . Thus, we uphold respondent's determination. Car and Truck Expenses
Petitioner deducted $ 4,132 for car and truck expenses on his 1986 Federal income tax return, Schedule C. Respondent disallowed the entire amount. When asked by the Court, petitioner conceded that he did not maintain a travel log or any similar record. Moreover, no evidence was presented at trial from which this Court could conclude that the strict substantiation requirements of section 274(d) are satisfied. [4] Thus, respondent's determination is sustained. *602 Commissions
Petitioner deducted $ 3,225 for commissions that petitioner allegedly paid in cash to people working for him as "front" people. Petitioner did not have any documentary evidence to support the commissions. Thus, we uphold respondent's determination. Publications
Petitioner deducted $ 1,574 for dues and publications in connection with his office supply business. Respondent's agent who participated during the audit of petitioner corroborated that petitioner had canceled checks verifying these amounts but that many of the publications appeared to be personal in nature. Personal expenditures are not deductible. Sec. 262. We find that there is a reasonable evidentiary basis to support deductions from petitioner's gross income for 1986 in the amount of $ 1,000.97. We uphold respondent's disallowance of the remaining $ 573 for which we find no support in the record before us. Insurance Expense
With respect to the disallowed deduction for insurance in the amount of $ 2,813 for the taxable year 1986, petitioner provided respondent evidence that the expenses related to life insurance and auto insurance. At trial, however, petitioner failed to present *603 any testimonial or documentary evidence that would indicate that such insurance was in connection with his office supply business and not personal in nature. Lacking any evidentiary basis as to the business purpose of the insurance expenditures, we uphold respondent's determination. Laundry and Cleaning
With respect to the disallowed deduction for laundry and cleaning expenses of petitioner's shirts and household laundry in the amount of $ 281 for 1986, respondent's agent testified that adequate substantiation was provided by petitioner during the audit of petitioner. As a legal matter, however, we note that a deduction for laundry and cleaning expenses of ordinary street clothes is not provided for by the Code. . Petitioner provided no evidence that would establish that petitioner required a uniform or that his work clothing was not suitable for general or personal wear. We therefore uphold respondent's determination. Legal and Professional Services
Petitioner deducted $ 436 for legal services on his 1986 Federal income tax return, Schedule C. Respondent's agent testified that petitioner *604 provided substantiation for the amount paid in the form of canceled checks. However, no testimony or documents were presented that would establish that the expenses were currently deductible ordinary and necessary expenditures relating to petitioner's office supply business and not in the nature of personal expenses. Lacking any evidence on this point, we uphold respondent's determination. Rent on Business Property
Petitioner claimed a deduction of $ 4,900 for rent on his apartment under the theory that a non-partitioned portion of the dining room was used for business purposes. Petitioner testified that the furniture inside the dining room consisted of a file cabinet and a small table where petitioner occasionally ate meals. We find that petitioner has not presented sufficient credible evidence to show that the part of petitioner's dining room at issue was exclusively used as a home office. [5] Moreover, respondent's agent offered testimony establishing that G.B.S. supplied petitioner with an office from which petitioner regularly conducted his business. Under these circumstances, we uphold respondent's determination. *605 Taxes
With respect to the disallowed deduction for taxes on Schedule C for 1986 in the amount of $ 2,452, respondent offered unrefuted testimony that this claimed deduction for taxes related to Federal income taxes. Federal income taxes are not deductible from gross income. See sec. 164(a). We uphold respondent's determination. Travel and Entertainment
Petitioner deducted $ 9,983 on his 1986 Federal income tax return in connection with a trip to Europe. Petitioner testified that during this trip, while in Sarnen, Switzerland, petitioner got married. Moreover, respondent's agent testified that during the audit of petitioner, petitioner characterized the trip as a honeymoon. Petitioner alleges that the trip to Europe included the solicitation of business, even though he could not name any of the customers he solicited. Lacking any further evidence, we uphold respondent's determination. Sec. 274(d). Telephone and Utilities
Petitioner deducted $ 1,178 on his 1986 Federal income tax return, Schedule C, for telephone and utilities expense. We have reviewed the record before us and find that there is no reasonable basis for allocating the claimed expense *606 between that which represented personal use and that which may have been in connection to petitioner's office supply business. We therefore uphold respondent's determination. Parking Expenses
With respect to the disallowed deduction for parking in the amount of $ 1,470 for the taxable year 1986, petitioner provided canceled checks that evidenced payment for parking space in connection with petitioner's work. We have reviewed the evidence in the record and are satisfied with the substantiation in this category. We find sufficient evidence to allow the deduction in the amount of $ 1,470. Leads Paid
With respect to the disallowed deduction for leads paid in the amount of $ 6,494 for taxable year 1986, petitioner provided no substantiation whatsoever. We thus uphold respondent's determination. Schedule A Item - 1986
Taxes
As previously stated, petitioner claimed a deduction for taxes in the amount of $ 2,189 on Schedule A for 1986. Respondent disallowed $ 1,277 for taxes deducted by petitioner on petitioner's 1986 Federal income tax return, Schedule A. Petitioner presented no testimonial or documentary evidence on this issue, and we thus uphold respondent's *607 determination. Schedule C Items - 1987
Cost of Goods Sold
Respondent presented unrefuted testimony that petitioner had improperly included in cost of goods sold for 1987 a payment in the amount of $ 1,214 to an escrow company towards the purchase of petitioner's condominium in Oceanside, California. Petitioner presented no testimonial or documentary evidence on this issue. Accordingly, we uphold respondent's determination. Car and Truck Expenses
With respect to the deduction for car and truck expenses in the amount of $ 2,002 for taxable year 1987, respondent reconstructed allowable business mileage from repair bills submitted by the petitioner and allowed $ 1,808 but disallowed the remainder, or $ 194. Petitioner presented no evidence on this adjustment. Section 274(d) requires strict recordkeeping in this category of expenses. See supra note 5. We therefore uphold respondent's determination. Laundry and Cleaning
With respect to the disallowed deduction for laundry and cleaning in the amount of $ 256 for 1987, petitioner provided no documentary evidence. Moreover, we note that a deduction for laundry and cleaning expenses of ordinary street *608 clothes is not provided for by the Code. Petitioner provided no evidence that he was required to wear a special uniform or that his work clothing was not suitable for personal wear. We, therefore, uphold respondent's determination. Rent on Business Property
Petitioner claimed a deduction of $ 5,732 for rent on business property on his 1987 Federal income tax return, Schedule C. Respondent allowed $ 3,494, which related to the rental of an office warehouse, and disallowed the remaining $ 2,238 relating to the Oceanside condominium. Petitioner offered no documentary evidence supporting this home-office deduction. Moreover, we do not find petitioner's uncorroborated testimony credible in connection with the exclusive use of the claimed home office for business purposes. See supra note 6. We uphold respondent's determination. Taxes
With respect to the deduction for taxes on petitioner's 1987 Federal income tax return, Schedule C, in the amount of $ 1,461 for 1987, respondent allowed $ 50, which related to sales taxes, and disallowed the remaining $ 1,411. Because petitioner presented no evidence on this issue whatsoever, we uphold respondent's determination. *609 Travel and Entertainment
Petitioner deducted $ 2,893 for a family trip to Hawaii on his 1987 Federal income tax return, Schedule C. While in Hawaii, petitioner stayed and visited with his wife's family. No credible testimonial or documentary evidence of a business purpose was submitted by petitioner. We find that the strict substantiation requirements of section 274(d) have not been met. Thus we uphold respondent's determination. Depreciation
Petitioner claimed a $ 1,945 depreciation deduction with respect to a computer that petitioner kept at home on his 1987 Federal income tax return, Schedule C. Petitioner testified that he used the computer in connection with his office supply business. Section 274(d)(4) disallows any deduction for business use of certain types of property listed in section 280F(d)(4), which includes computer equipment, sec. 280F(d)(4)(A)(iv), unless the taxpayer establishes business use of the property by adequate records or other corroborating evidence. Petitioner kept no record or log of computer usage. Without sufficient evidence that the computer was used for business purposes, we uphold respondent's determination. Wages
With *610 respect to the claimed deduction for wages allegedly paid to laborers in cash in the amount of $ 2,860 for the taxable year 1987, petitioner did not submit any documentary evidence. There is no evidentiary basis in the record from which we could find that such wages, if paid, were currently deductible ordinary and necessary business expenses. Lacking any evidence on this adjustment, we uphold respondent's determination. Advertising
With respect to the disallowed deduction for advertising in the amount of $ 815 for 1987, petitioner did not provide any documentary evidence whatsoever in support of his claimed deduction. There is no basis in the record to support this claimed deduction. We uphold respondent's determination. Commissions
With respect to the commission expenses deducted in 1987 in the amount of $ 380, petitioner submitted no documentary or credible testimonial evidence to support the deduction. We uphold respondent's determination. Negligence
The next issue for consideration is whether petitioners are liable for negligence additions to tax under section 6653(a)(1)(A) and (B). Section 6653(a)(1)(A) provides that, if any part of any underpayment *611 of tax is due to negligence or intentional disregard of rules or regulations, there shall be added to the tax an amount equal to 5 percent of the underpayment. Section 6653(a)(1)(B) states that, if any part of any underpayment of tax is due to negligence or intentional disregard of rules or regulations, there shall be added to the tax an amount equal to 50 percent of the interest payable under section 6601 on the underpayment. Negligence under section 6653(a) is lack of due care, or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. . Respondent's determination that petitioners' underpayments of tax were due to negligence or intentional disregard of the rules or regulations is "presumptively correct and must stand unless the taxpayer can establish that he was not negligent." , affg. . Petitioners therefore bear the burden of proving that they are not liable for the additions to tax. Rule 142(a); ; *612 . Petitioners offered no evidence on this issue and thus did not meet their burden of proof. Accordingly, we uphold respondent's determination. Substantial Understatement
Section 6661 provides for an addition to income tax equal to 25 percent of the amount of any underpayment attributable to a "substantial understatement." An understatement is substantial if it exceeds the greater of 10 percent of the tax required to be shown on the return, or $ 5,000. Respondent has determined that petitioners are liable for an addition to tax pursuant to section 6661 for 1986 and 1987. Petitioners presented no evidence to the contrary. Therefore, petitioners are liable for the addition to tax under section 6661 for such years. Decision will be entered under Rule 155. Footnotes
1. 50 Percent of interest due on the deficiency.↩
1. The contract submitted at trial by the parties appears to be applicable only for petitioner's 1987 tax year. However, based on testimony and other evidence in the record, we find that the business relationship between General Business Supply (G.B.S.) and petitioner during 1986 was governed by similar terms as those set out in the contract.↩
2. Petitioner's testimony at trial as well as the content of his post trial briefs make innumerable references to bodily threats, broken bones, executions, laser guided pistols, and illegal drugs, all in connection with G.B.S. and the "Hungarian Mafia." Petitioner testified, however, that he never reported any of this alleged illegal activity to anyone because of fear of retribution from G.B.S. and the "Hungarian Mafia".↩
3. Neither party introduced into evidence a Form 1099 with respect to amounts paid to petitioner by G.B.S. Section 6041(a) requires a payor to issue a Form 1099-MISC to a nonemployee (as well as to respondent) regarding remuneration for services in excess of $ 600.↩
4. Beginning with the 1986 taxable year, section 274(d)(4) provides that no deduction is allowed for automobiles unless the taxpayer substantiates by adequate records or corroborative evidence (1) the amount of such expense, (2) the time and place of use, (3) the business purpose, and (4) the business relationship of the taxpayer to the persons using the automobile.↩
5. To be eligible for a home office deduction, a taxpayer must establish that the portion of the home that was used for business was (1) exclusively used, (2) on a regular basis, (3) as the principal place of business. .↩